Arthur VELASCO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23057.

United States Court of Appeals Fifth Circuit.

Jan. 27, 1967.

James F. Snelling, St. Petersburg, Fla., for appellant.

James O. Murphy, Jr., Edward A. Kaufman, Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

The defendant Arthur Velasco appeals from his conviction on three counts of an indictment charging him, Reinaldo Perez and Clarence Thompson with the unlawful sale of a narcotic drug, cocaine, and with conspiracy to do so. His sole contention on appeal is that the district court erred in admitting in evidence a spoon with traces of cocaine upon it, his contention being that the spoon had been obtained through an illegal search of an automobile.

There was direct evidence of a sale of cocaine by Velasco to a federal narcotic agent in the Miami International Airport. During the course of the negotiations between Velasco and the agent and before the sale of cocaine was consummated Velasco left the airport terminal building and was seen to converse with defendant Perez who was seated in the automobile in question which was parked in the airport parking lot. Thereafter Velasco arranged for the federal agent to receive from defendant Thompson a key to a locker in the terminal building containing the narcotics. After examining the cocaine the agent gave a signal, other agents immediately arrested Velasco, Perez was arrested near the parked automobile, the automobile was

* Of the Third Circuit, sitting by designation.

searched and the spoon in question was found.

We are satisfied that under these circumstances the search of the automobile and the seizure of the spoon to which Velasco objects were not unlawful but were, rather, a valid search and seizure made incident to, and immediately following, Velasco's arrest for a felony committed in the presence of the arresting officers. It was, therefore, not error to admit the spoon in evidence.

The judgment of the district court is affirmed.